# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2011

## WILLIAM BRYANT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. CC-09-CR-92      R. Lee Moore, Judge (by interchange)**

---

**No. W2010-02530-CCA-R3-PC  - Filed July 20, 2011**

---

Much aggrieved of his convictions by a Obion County Circuit Court jury of three counts of rape of a child, the petitioner, William Bryant, filed a timely pro se petition for post-conviction relief alleging his convictions resulted from an unconstitutional jury and the ineffective assistance of counsel. Following the appointment of counsel, amendment to the petition, and a full evidentiary hearing, the post-conviction court ruled that the petitioner failed to prove his allegations by clear and convincing evidence and denied relief. Discerning no error, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the appellant, William Bryant.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner's convictions arose from the Thanksgiving 2004 offenses committed against J.B. and B.R. *State v. William Thomas Bryant*, No. W2007-01340-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Jan. 9, 2009), *perm. app. denied* (Tenn. June 15, 2009). Six-year-old B.R. reported that the petitioner, her step-uncle, had digitally penetrated her vagina on more than one occasion. *Id*. at 2. Five-year-old J.B. reported that the petitioner, her uncle, had digitally penetrated her vagina and anus on more than one occasion. *Id*. at 3. Medical examinations confirmed that both victims had suffered some

traumatic injuries consistent with their reports. *Id*. at 2-3. The jury convicted the petitioner of three counts of rape of a child, and the petitioner received three concurrent sentences of 15 years' incarceration. *Id*. at 1. Following the grant of a delayed appeal, we affirmed the petitioner's convictions on direct appeal. *Id*. at 11.

The petitioner filed a timely petition for post-conviction relief. Following the appointment of counsel, the petitioner filed an amended petition claiming that his convictions resulted from an unconstitutionally empaneled jury and the ineffective assistance of counsel. Specific to his ineffective assistance of counsel claim, the petitioner alleged that trial counsel failed to object to the jury composition, failed to review all discovery materials with the petitioner, failed to interview and present witnesses, failed to obtain an expert to rebut the State's experts, and failed to preserve his right to an appeal by neglecting to file a motion for new trial.

At the evidentiary hearing, the petitioner testified that only four African-Americans were summoned for jury duty in his case, and he claimed that, before voir dire began, "the judge called them up one at a time to the podium and dismissed them. We don't know why." The petitioner said that he asked trial counsel why the judge had removed all the African-American jurors and that counsel did not know and "left it at that." The petitioner opined that the exclusion of the jurors violated "a right, a constitutional right" and that he thought it would have made a difference had the African-American jurors not been excluded from the venire. The petitioner, through counsel, admitted that there was no proof in the record to substantiate his claim, either in the form of challenge notes or transcripts of bench conferences.

The record reveals that the petitioner retained two attorneys to represent him at trial. At the evidentiary hearing, the petitioner contended that trial counsel failed to review discovery materials with him prior to trial and that, therefore, trial counsel did not adequately cross-examine several State witnesses. The petitioner, without presenting any testimony at the evidentiary hearing from the purported witnesses, claimed that many of the witnesses testified inconsistently to their initial statements made to investigators. The petitioner also testified that trial counsel were deficient by not presenting his sister and father as witnesses at trial. The petitioner, however, did not present either as witnesses at the evidentiary hearing. The petitioner claimed that trial counsel were deficient in not obtaining and presenting an expert witness to rebut the State's expert testimony concerning evidence of sexual abuse suffered by the victims. Again, the petitioner did not present any purported expert witness at the evidentiary hearing.

Only one of the petitioner's trial attorneys testified at the evidentiary hearing. Regarding the petitioner's allegation concerning the trial court's exclusion of African-

American jurors from the venire, trial counsel denied that such a thing had occurred and said, "I can't imagine that happening with me sitting at counsel table . . . I would have taken great offense to that." Trial counsel further recalled that the petitioner "never" objected or complained about the composition of the jury.

Trial counsel refuted the petitioner's claim that he failed to discuss discovery issues with the petitioner and said that he "went over those [witness's statements] with [the petitioner] time and time again." He recalled that the petitioner's sister was initially a cooperative witness but then changed, so he decided not to call her as a witness at trial. Trial counsel said that co-counsel, who was also a registered nurse, conducted a very thorough cross-examination of the State's experts. Counsel also testified that he did consult an expert with the hope of rebutting the State's expert testimony evidence concerning the evidence of sexual abuse. Trial counsel testified, however, that the expert told him, "'You don't want to hear what I have got to say.'" Trial counsel admitted that some confusion occurred about representation on appeal leading to the motion for new trial not being filed. He also recalled that the petitioner had told him not to file an appeal. Nevertheless, trial counsel said that the trial court had granted the petitioner a delayed appeal.

At the conclusion of the evidentiary hearing, the post-conviction court made findings of fact concerning the petitioner's claims. Regarding the petitioner's jury claim, the post-conviction court stated that the petitioner's testimony was "not believable"; and, even if believed, without any statistical evidence or evidence from the trial record to support his claims, the petitioner had failed to show a systematic exclusion of African-American jurors from the Obion County venire. Regarding the allegations of ineffective assistance of counsel, the post-conviction court found that the petitioner's testimony and trial counsel's testimony were "totally different" and that trial counsel's testimony was "in direct conflict" with that of the petitioner. Ultimately, the post-conviction court ruled that the petitioner failed to establish any prejudice flowing from his allegations of deficient performance. Accordingly, the post-conviction court denied relief.

The petitioner filed a timely notice of appeal from the post-conviction court's order denying relief. This case is properly before the court. On appeal, the petitioner contends that his convictions resulted from the ineffective assistance of counsel. The State argues that the post-conviction court correctly ruled that the petitioner failed to establish his claims for relief at the evidentiary hearing.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40–30–103 (2006). The post-conviction

-3-

petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6, S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the record fully supports the findings of fact and conclusions of law of the post-conviction court. The petitioner's testimony at the evidentiary hearing concerning the composition of the jury venire consisted of nothing more than mere allegations. Bare conclusory allegations, unsupported by evidence, will not suffice to

-4-

establish a claim for post-conviction relief. *See, e.g.*, *William A. Hawkins v. State*, No. E2010-00795-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Jan. 4, 2011). Likewise, the petitioner's allegations concerning the cross-examination and presentation of witnesses were simply allegations unsupported by any witness testimony. This court has repeatedly advised that in the absence of the testimony of the purported witness, a court cannot speculate upon the substance of any testimony that a petitioner claims would have made a difference had it been presented at trial. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (holding that a post-conviction petitioner generally fails to establish his claim that counsel did not properly investigate or call a witness if he does not present the witness to the post-conviction court because a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial). As such, the petitioner failed to establish his claims by clear and convincing evidence in order to merit post-conviction relief. The order of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE